B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>ROSENDO GONZALEZ, Chapter 7 Trustee | **DEFENDANTS**<br>RAMONA LEON CRUZ |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jeffrey S. Shinbrot, Esquire; JEFFREY S. SHINBROT, APLC<br>8200 Wilshire Blvd., Suite 400<br>Beverly Hills, CA 90211;(310)659-5444 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Avoidance and Recovery of Fraudulent and Preferential Transfers

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ Recovery of property |
| Other Relief Sought   Monetary judgment | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||| 
|---|---|---|
| NAME OF DEBTOR<br>Manuel J. Leon, Jr. | BANKRUPTCY CASE NO.<br>2:16-bk-17889-ER ||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Ernest M. Robles |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE<br>5/23/2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey S. Shinbrot, Esquire ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey S. Shinbrot, Esquire<br>JEFFREY S. SHINBROT, APLC<br>8200 Wilshire Blvd., Suite 400<br>Beverly Hills, CA  90211<br>(310)659-5444<br>(310)878-8304 Fax<br>jeffrey@shinbrotfirm.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>MANUEL J. LEON, JR.<br><br><br><br>Debtor(s). | CASE NO.:2:16-bk-17889-ER<br><br>CHAPTER: 7<br><br>ADVERSARY NO.: |
|---|---|
| ROSENDO GONZALEZ, Chapter 7 Trustee,<br><br><br><br>Plaintiff(s)<br>Versus<br>RAMONA LEON CRUZ,<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____ | **Address:** |
| **Time:** _____ | ☒ 255 East Temple Street, Los Angeles, CA 90012 |
| **Courtroom:** 1568 | ☐ 3420 Twelfth Street, Riverside, CA 92501 |
| | ☐ 411 West Fourth Street, Santa Ana, CA 92701 |
| | ☐ 1415 State Street, Santa Barbara, CA 93101 |
| | ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016     Page 1     F 7004-1.SUMMONS.ADV.PROC

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                          **KATHLEEN J. CAMPBELL**
                                          **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

                                      By: _____
                                               Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*            Page 2            F 7004-1.SUMMONS.ADV.PROC

JEFFREY S. SHINBROT, ESQ.
(SBN 155486)
jeffrey@shinbrotfirm.com
JEFFREY S. SHINBROT, APLC
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 90211
Telephone: (310) 659-5444
Fax (310) 878-8304

Bankruptcy Counsel to Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No.: 2:16-bk-17889-ER |
| | Adversary Case No.: |
| MANUEL J. LEON, JR. | Chapter 11 |
| Chapter 7 Debtor. | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT AND PREFERENTIAL TRANSFERS** |
| ROSENDO GONZALEZ, Chapter 7 Trustee, | |
| Plaintiff, | **11 U.S.C. §§ 547, 548(a)(1)(A), 548(a)(1)(B), and 550** |
| v. | DATE: TO BE SET<br>TIME: TO BE SET<br>PLACE: Courtroom 1568<br>255 East Temple Street<br>Los Angeles, CA 90012 |
| RAMONA LEON CRUZ, defendant | |

Rosendo Gonzalez ("Plaintiff") Chapter 7 Trustee of the Bankruptcy Estate of Manuel J. Leon, Jr. ("Debtor") submits this Complaint for: (1) Avoidance, Recovery, and Preservation of

-1-

Intentional Fraudulent Transfers; (2) Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfer; and (3) Avoidance, Recovery, and Preservation of Preferential Transfers.

## STATEMENT OF JURISDICTION AND VENUE

1. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (F) (proceedings to determine, avoid, or recover preferences), (H) (proceedings to determine, avoid, or recover fraudulent conveyances), and (O) (other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship). To the extent that any claim for relief in this complaint is determined to be non-core, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

2. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 547, 548, 550, and 551 (a proceeding to avoid, recover, and preserve preferences and fraudulent transfers).

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334, in that this civil proceeding arises in, arises under, and relates to the bankruptcy case pending in the United States Court for the Central District of California, Los Angeles Division, entitled *In re Manurel J. Leon, Jr.,* case number 2:16-bk-17889-ER.

4. Venue properly lies in the Central District of California, Los Angeles Division in that this adversary proceeding arises in or is related to a case in this District under Title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

## PARTIES

5. Plaintiff is the duly appointed and acting Chapter 7 Trustee for the bankruptcy Estate of Manuel J. Leon, Jr. As Chapter 7 Trustee, Plaintiff has standing to bring this action pursuant to 11 U.S.C. §§ 547, 544, 548, and 550.

6. Plaintiff is informed and believes that Defendant Ramona Leon Cruz ("Defendant") is an individual residing in Los Angeles County, California.

## GENERAL ALLEGATIONS

7. On June 14, 2016 ("Petition Date"), Debtor filed a voluntary petition under

Chapter 7 of the Bankruptcy Code.

8. Plaintiff was appointed as Debtor's Chapter 7 Trustee.

9. Plaintiff is informed and believes that less than a year before the Petition Date, on September 11, 2015, Debtor and his sister, Luz Maria Leon ("Luz"), executed a Grant Deed conveying their interest in real property located at 12033 Cedar Avenue, Hawthorne, California 90250 ("Property") to Luz and Defendant as joint tenants ("Transfer"). A true and correct copy of the Grant Deed is attached as Exhibit A.

10. Plaintiff is informed and believes that the Transfer was for no consideration and the Grant Deed reflected that fact with the notation "gift."

11. Plaintiff is informed and believes that prior to the Transfer, Debtor had a 50% interest in the Property.

12. Plaintiff is informed and believes that at the time of the Transfer, the Property had a value of $500,000 to $600,000.

13. Plaintiff is informed and believes that at the time of the Transfer, an unknown amount of secured debt encumbered the Property.

14. Plaintiff emailed Debtor's counsel and asked for information related to the Transfer to ascertain if Defendant might have any defenses to a turnover action. The Trustee received no response.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfer – 11 U.S.C. § 547)

15. Plaintiff incorporates by reference paragraphs 1 through 14 above as though set forth in full here.

16. The Transfer was a transfer of an interest of the Debtor in property within one year of the Petition Date.

17. Plaintiff is informed that the Transfer was a transfer of an interest of the Debtor in property that was made to or for the benefit of a creditor on account of an antecedent debt owed by Debtor before the Transfer was made.

18.  Defendant was the recipient of the Transfer and is an insider as defined by the Bankruptcy Code because she is Debtor's sister.

19.  The Transfer enabled Defendant to receive more than she would have received if the Debtor's case were a case under Chapter 7 of the Bankruptcy Code, the transfer had not been made, and Defendant had received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

20.  Plaintiff may avoid and recover the Transfer as a preference pursuant to 11 U.S.C. § 547(b)(4)(A).

21.  Any transfer avoided by the Court is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Intentional Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(A))

22.  Plaintiff incorporates by reference paragraphs 1 through 14 above as though set forth in full here.

23.  The Transfer was a transfer of an interest of the Debtor in property to Defendant within two years of the Petition Date.

24.  The Transfer was made with the actual intent to hinder, delay, or defraud persons or entities to which the Debtor was or became indebted, on or after the date the Transfer was made.

25.  Plaintiff may avoid and recover the Transfer as a fraudulent transfer pursuant to 11 U.S.C. § 548.

26.  Any transfer avoided by the Court is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## THIRD CLAIM FOR RELIEF

### (Avoidance of Constructive Fraudulent Transfer – 11 U.S.C. § 548(a)(1)(B))

27.  Plaintiff incorporates by reference paragraphs 1 through 14 above as though set forth in full here.

28. The Transfer was a transfer of an interest of the Debtor in property to Defendant within two years of the Petition Date.

29. The Debtor received less than reasonably equivalent value in exchange for the Transfer and the Debtor was insolvent on the date of the Transfer, was engaged in business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was unreasonably small capital, or intended to incur, or believed that he would incur, debts beyond his ability to pay.

30. Plaintiff may avoid and recover the Transfer as a fraudulent transfer pursuant to 11 U.S.C. § 548.

31. Any transfer avoided by the Court is preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## FOURTH CLAIM FOR RELIEF

### (Recovery of Avoided Transfer – 11 U.S.C. § 550)

32. Plaintiff incorporates by reference paragraphs 1 through 14 above as though set forth in full here.

33. Defendant was either the initial transferee of the Transfer or an immediate or mediate transferee of the Transfer.

34. If the Transfer is avoided under 11 U.S.C. §§ 547 or 548, it is recoverable under 11 U.S.C. § 550.

35. Plaintiff is entitled to recover the value of the Transfer for the benefit of Debtor's estate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. For entry of judgment avoiding the Transfer;

2. For entry of judgment recovering the avoided Transfer;

3. For entry of judgment that the avoided Transfer is preserved for the benefit of the Estate;

4. For entry of judgment in a monetary amount equal to the value of the Transfer;

5. For costs of suit incurred, including attorneys' fees as provided by applicable case law, statute and/or agreement of the parties; and

6. For such other relief as the Court deems just and proper.

Dated: 5/23/2018                                         THE SHINBROT FIRM


By: /s/Jeffrey S. Shinbrot
Jeffrey S. Shinbrot, Counsel for Chapter 7 Trustee, Rosendo Gonzalez

**EXHIBIT A**

 

**This page is part of your document - DO NOT DISCARD**



**20151164155**



**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/21/15 AT 09:02AM**

| | |
|---|---:|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |



**LEADSHEET**



**201509210920005**

**00011151070**



**007088556**

**SEQ:**
**01**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**



*E466563*

RECORDING REQUESTED BY:

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:
Luz Maria Leon, et al
12033 Cedar Avenue
Hawthorne, CA. 90250

Order No.:
Escrow No.:
APN: 4046-3-16

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# GRANT DEED  *gift*

THE UNDERSIGNED GRANTOR(S) DECLARE(S):    DOCUMENTARY TRANSFER TAX IS $____0.00____
_____ Computed on full value of property conveyed, or
_____ Computed on full value less liens and encumbrances remaining at time of sale.
_____ Unincorporated area _____ City of ____Hawthorne

For valuable consideration, receipt of which is hereby acknowledged, Luz Maria Leon, an unmarried woman and Manuel J. Leon, Jr. an unmarried man

hereby GRANT(S) to Luz Maria Leon, an unmarried woman and Ramona Leon Cruz, a married woman as her sole and separate property as joint tenants

the real property situated in the County of Los Angeles, State of California, more particularly described as follows: Lot 87 and 88 of the Second Addition of the Town of Hawthorne, in the City of Hawthorne, County of Los Angeles, State of California, as per map recorded in Book 9, page 180 of maps, in the office of the County Recorder of said County

Dated: 9/11/2015

_____
Manuel J. Leon, Jr.

_____
Luz Maria Leon

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA            )
                               ) SS.
COUNTY OF __Los Angeles____    )

On __09/11/15__ before me, __Francisco Javier Higuera__, Notary Public, personally appeared __Luz Maria Leon__ ___see attach ment___
who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

MAIL TAX STATEMENTS AS DIRECTED ABOVE

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of __Orange__

On __Sept. 18, 2015__ before me, __J. Cruz__, Notary Public
(Insert Name of Notary Public and Title)
personally appeared __Manuel J. Leon, Jr.__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature __J. Cruz__ (Seal)

J. CRUZ
Comm. #1964099
Notary Public · California
Orange County
Comm. Expires Dec 18, 2015

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  )
County of __Los Angeles__ )

On __09/11/2015__ before me, __Francisco Javier Higuera, Notary Public__,
    Date                                                 Here Insert Name and Title of the Officer

personally appeared __Luz Maria Leon__
                                         Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
               Signature of Notary Public

[Notary Seal: FRANCISCO JAVIER HIGUERA, Commission # 2047800, Notary Public - California, Los Angeles County, My Comm. Expires Nov 30, 2017]

Place Notary Seal Above

———————————— OPTIONAL ————————————
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: __Grant Deed__  Document Date: __09/11/15__
Number of Pages: __2__  Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual  ☐ Attorney in Fact
☐ Trustee  ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual  ☐ Attorney in Fact
☐ Trustee  ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907